UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE FRIDAY GROUP, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:08CV01203 JCH |
| | ) |
| TICKETMASTER, et al., | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Joint Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted of Defendants Ticketmaster Corp., Superfly Events, LLC, Superfly Promotions, LLC, A.C. Entertainment, Inc. Live Nation Worldwide, Inc., Ultrastar Entertainment, LLC, and Musictoday, LLC[1] (collectively, "Defendants"), filed on October 15, 2008 (Doc. No. 23). The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff The Friday Group ("Friday" or "Plaintiff") is a Missouri limited liability corporation with its principal place of business in the State of Missouri. (Complaint (or "Compl.")), Doc. No. 1, ¶ 4). Plaintiff is the assignee of and owns all right, title and interest in and has standing to enforce and sue infringers of United States Patent No. 6,920,428, entitled "Method of Selling and Distributing Articles Associated with Live Events" ("the '428 patent"). (Compl., ¶16). As summarized by

---

[1]According to Defendants, defendant business entity Musictoday, LLC is misnamed in the caption as "Musictoday, Inc. a/k/a Musictoday CD Replication." (Memorandum in Support of Defendants' Joint Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted ("Defendants' Memorandum"), Doc. No. 24, p. 1).

Defendants (and not disputed by Plaintiff), the '428 patent basically has the following steps, with minor variations:

1. Providing an opportunity to purchase a recording of a live event at a point-of-sale of tickets before the event occurs.

2. Conducting the live event.

3. Recording at least a portion of the live event.

4. Manufacturing copies of the recording.

5. Distributing the manufactured copies to those who preordered the recording.

(Defendants' Memorandum, p. 3 (citing Ex. 1 thereto, col. 12, ll. 2-14 (Claim 1); col. 13, ll. 25-38 (Claim 14); col 14, ll. 14-26 (Claim 21)).[2]

Plaintiff purports to allege a claim for infringement of the '428 patent under 35 U.S.C. §271. (Compl., ¶ 15). Plaintiff alleges that each and every defendant "has engaged in activities that infringe one or more claims of the '428 patent." (Compl., ¶¶5-11). Plaintiff further alleges that each defendant "has infringed and/or continues to infringe the '428 patent by making, using, importing, offering for sale, and/or selling products and/or methods covered by one or more claims of the '428 patent and/or practicing all steps of one or more claims of the '428 patent directly and/or exercising direction or control over the practice of all steps of one or more claims of the '428 patent, including its actions related to its selling and distributing of articles associated with live events," for example, the Bonnaroo Music and Arts Festival, Dave Matthews Band, the Police, The Who and the Rolling Stones events. (Compl., ¶¶18-24).

As stated above, Defendants filed the instant Motion to Dismiss on October 15, 2008. (Doc. No. 23).

**STANDARD FOR MOTION TO DISMISS**

---

[2]The '428 patent contains only three independent claims (Claims 1, 14 and 21).

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Kaminsky v. Missouri, No. 4:07-CV-1213, 2007 U.S. Dist. LEXIS 72316, at *5-6 (E.D. Mo. Sept. 27, 2007) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 78 S. Ct. 99 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 127 S. Ct. at 1965; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp., 127 S. Ct. at 1964-65 (internal citations omitted).

## DISCUSSION

### I. INFRINGEMENT OF U.S. PATENT 6,920,428

A. Standard for Infringement Claim

In BMC Resources Inc. v. Paymentech, L.P., the Federal Circuit addressed the situation where one party does not perform each and every step itself but instead directs a third party to carry out certain steps. 498 F.3d 1373, 1379 (Fed. Cir. 2007). "Infringement requires ... a showing that

a defendant has practiced each and every element of the claimed invention. This holding derives from [35 U.S.C. § 271(a)] itself ." BMC Resources,Inc., 498 F.3d at 1380 (internal citations omitted) (rejecting dicta from On Demand Machine Corp. v. Ingram Indus., Inc., 442 F.3d 1331, 1334-35 (Fed. Cir. 2006)). In BMC Resources,Inc., the Federal Circuit reaffirmed its holding that infringement requires a party to have performed all of the steps of the patented method, but noted the limitations of vicarious liability for patent infringement, because "a finding of indirect infringement requires 'a predicate finding of direct infringement,' which thus requires a finding that one party practiced each element of the patented process." Global Patent Holdings, LLC, No. 08-80013, 2008 U.S. Dist. LEXIS 61697, at *6-7 (S.D. Fla. Aug. 13, 2008) (citing BMC Resources, Inc. at 1380). Thus, the test for whether a party states a claim for either direct or indirect infringement requires a showing by at least one party of direct infringement.[3]

The test under BMC Resources, Inc. for direct infringement "is whether one party effectively controls or directs others such that it can be said to practice every element of the asserted claims." Rowe Int'l Corp. v. East, Inc., No. 06 C 2703, 2008 U.S. Dist. LEXIS 75327, at *10 (N.D. Ill. Aug. 25, 2008) (citing Muniauction, Inc. v. Thomson Corp., 532 F.3d 1318, 1329-30 (Fed. Cir. 2008); BMC Resources, Inc., 498 F.3d at 1380-81). The Federal Circuit in BMC Resources, Inc. acknowledged that a defendant "cannot avoid infringement . . . simply by contracting out the steps of a patented process to another entity." BMC Resources, Inc., 498 F.3d at 1381. Rather, the "control or direction" standard of BMC Resources, Inc., "is satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method." Muniauction, Inc.,

---

[3] A good discussion of the interplay between direct and indirect infringement can be found at Fisher-Barton Blades, Inc. v. Blount, Inc., No. 05-C-460, 2008 U.S. Dist. LEXIS 92372, at *39-40 (E.D. Wis. Sept. 30, 2008).

532 F.3d at 1330 (citing BMC Resources, Inc., 498 F.3d at 1379; accord Int'l Rectifier v. Samsung Elecs. Co., 361 F.3d 1355, 1361 (Fed. Cir. 2004)). "Giving instructions or prompts to the third party in its performance of the steps necessary to complete infringement, or facilitating or arranging for the third-party's involvement in the alleged infringement, are not sufficient." Emtel, Inc. v. LipidLabs, Inc., NO. H-07-1798, 2008 U.S. Dist. LEXIS 77597, at *64 (S.D. Tex. Sept. 30, 2008). In other words, "BMC Resources and Muniauction make clear that providing data to third parties to perform some of the claimed steps of the patented method, instructing these third parties on certain aspects of their performance, and facilitating or arranging for these third parties to perform the steps, generally do not establish the type of direction or control necessary for direct infringement." Emtel, Inc., 2008 U.S. Dist. LEXIS 77597, at *65-66.

B. Plaintiff's Infringement Claim

Defendants argue that the Court should dismiss Plaintiff's Complaint as to infringement of the '428 patent because no single defendant directly infringes any of these claims, i.e., no defendant practices every element of the claim. According to Defendants, "Friday's Complaint does not allege facts identifying which single party practices each and every step, or alternatively which single party is the 'mastermind' that directs or controls the performance of each and every step, of the claimed method." (Defendants' Memorandum, p. 4).

Defendants rely on Global Patent Holdings, LLC in support of their motion to dismiss. (Defendants' Memorandum, p. 7). The Global Patent Holdings court, granting defendant's motion to dismiss, determined that the plaintiff had not alleged that there was a contractual, agency or other relationship that would have made the defendant vicariously liable for the acts of another participant in the method process. 2008 U.S. Dist. LEXIS 61697, at *10 ("Plaintiff has, in no way, alleged that remote users are contractually bound to visit the website, it has not alleged that the remote users are Defendant's agents visit the website within the scope of their agency relationship nor has it alleged

any facts which would render Defendant otherwise vicariously liable for the acts of the remote user.") (applying the Federal Circuit's holding in BMC Resources). Absent such an allegation, the complaint failed to state a claim for relief. Id.

Here, Plaintiff has summarily alleged that each defendant "has infringed and/or continues to infringe the '428 patent by making, using, importing, offering for sale, and/or selling products and/or methods covered by one or more claims of the '428 patent and/or practicing all steps of one or more claims of the '428 patent directly and/or exercising direction or control over the practice of all steps of one or more claims of the '428 patent, including its actions related to its selling and distributing of articles associated with live events." (Complaint, ¶¶ 18-24).[4] Plaintiff's Complaint, however, does not allege that any single defendant performed all of the steps of the method or that any defendant was the "mastermind" behind the operation. See Emtel, Inc., 2008 U.S. Dist. LEXIS 77597, at *65-66. Absent the allegation that one of these defendants was the one that directed or controlled the method, Plaintiff fails to state a claim for direct infringement. See BMC Resources, Inc., 498 F.3d at 1380-81. Likewise, Plaintiff has not sufficiently alleged facts to support a claim that any of the other defendants would be vicariously liable to the alleged "mastermind" defendant based upon some contractual, agency or other relationship. See Global Patent Holdings, LLC, at *10; Emtel, Inc., 2008 U.S. Dist. LEXIS 77597, at *66.[5]

---

[4]Plaintiff also asserts that the allegations in paragraphs 18 - 24 of the Complaint "identifies for each Defendant an example of the Defendants' allegedly infringing actions." (Plaintiff's Memorandum in Opposition to Defendants' Joint Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted ("Plaintiff's Memorandum"), Doc. No. 26, p. 5). Plaintiff's specific examples of allegedly infringing actions, however, do not support Plaintiff's infringement claim because they do not suppose that any of these actions were performed by a single defendant or under the direction or control of a single defendant.

[5]The court in Emtel, Inc. v. LipidLabs, Inc. noted that in BMC Resources, Inc. and Muniauction, Inc. "there were no contracts between the asserted 'mastermind' and the separate entities performing steps necessary to complete infringement." Emtel, Inc., 2008 U.S. Dist. LEXIS 77597, at *66. In Emtel, the movants provided a videoconferencing systems that allowed a physician to communicate with a medical caregiver and a patient in a remote healthcare facility. Id. at * 1. The

In response, Plaintiff argues that it "has alleged that each Defendant carries out all of the steps of the patented method, and Plaintiff has sufficiently alleged in the alternative that each Defendant is a joint infringer." (Plaintiff's Memorandum, p. 6). Plaintiff contends that the "'direction or control' is exercised over the practice of the steps of one or more claims of the patent." (Plaintiff's Memorandum, p. 7). Notably absent from Plaintiff's Complaint and its Memorandum, however, is any indication as to which defendant exercises this direction or control. Rather, Plaintiff instead throws too broad a net and instead attempts to implicate each defendant without identifying any single defendant as the "mastermind" or that one would ultimately be vicariously liable for the acts of the other defendants. As instructed by BMC Resources, Inc., "[i]nfringement requires, as it always has, a showing that a defendant has practiced each and every element of the claimed invention." 498 F.3d at 1380. Plaintiff has not alleged that a single defendant practiced each and every element or that any defendant would be liable for joint infringement. Plaintiff's Complaint fails to state a claim.

Thus, based upon the Complaint, as currently framed, Plaintiff has not alleged that a single "defendant has practiced each and every element of the claimed invention." BMC Resources, Inc., 498 F.3d at 1380. Rather, Plaintiff has merely alleged that any of the six defendants directed or controlled the operations of the other five defendants and, thereby, infringed the Patent '428. Such an indefinite and nebulous pleading does not meet the standard defined in Bell Atl. Corp. v. Twombly

---

movants had contracts with the affiliated physicians, under which, the physicians agreed to perform certain activities. Id. at *66. The issue then became "whether these contractual relationships suffice for 'control and direction' of the physicians by the movants such that every step of the claimed method is attributable to the movants." Id. The Emtel court granted summary judgment on the issue of infringement because there was insufficient evidence that the movants and physicians directed or controlled each other, even with the contractual obligations. Id. at *80 ("there is no evidence that the movants participate in -- let alone direct or control -- the physicians' medical tasks in the process, there is no evidence that the physicians direct or control the movants' provision of a videoconferencing link"); cf. Fisher-Barton Blades, Inc. v. Blount, Inc., No. 05-C-460, 2008 U.S. Dist. LEXIS 92372, at *39-40 (E.D. Wis. Sept. 30, 2008) (denying summary judgment where the testimony presented did not address the question of whether the defendants directed or controlled the process at issue).

or the requirements as set forth in BMC Resources, Inc.[6]  Accordingly, Plaintiff's Complaint is dismissed, without prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. No. 23) is **GRANTED**, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **Friday, January 16, 2009**, within which to file an Amended Complaint, curing the above-described deficiencies.

**IT IS FURTHER ORDERED** that the previously scheduled Rule 16 conference set for January 15, 2009, and the order requiring the parties to file their joint scheduling plans by January 5, 2009, are hereby **VACATED**.

Dated this 12th day of December, 2008.

/s/ Jean C. Hamiton

UNITED STATES DISTRICT JUDGE

---

[6] As noted by the BMC Resources, Inc. court, "[t]he concerns over a party avoiding infringement by arms-length cooperation can usually be offset by proper claim drafting. A patentee can usually structure a claim to capture infringment by a single party." 498 F.3d at 1381.  Here, it appears that the patentee may have been overreaching with respect to the breadth of its claim, particularly when it attempted to include a "live performance" as part of its method claim.